1   Stuart B. Wolfe (SBN 156471)
    Natilee S. Riedman (SBN 257871)
2   nsriedman@wolfewyman.com
    **WOLFE & WYMAN LLP**
3   2175 N. California Blvd., Suite 415
    Walnut Creek, California 94596
4   Telephone:  (925) 280-0004
    Facsimile:  (925) 280-0005
5
    **Attorneys for Defendant**
6   **CITIMORTGAGE, INC.**

7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10                       **SAN JOSE DIVISION**

11  VICTOR TINOCO,                          Case No.  5:09-cv-03363-PVT

12              Plaintiff,                   Action Filed:  May 14, 2009

13      v.                                   **NOTICE OF MOTION AND MOTION TO
                                             DISMISS PLAINTIFF'S COMPLAINT OR
14  WACHOVIA BANK; WORLD SAVINGS            IN THE ALTERNATIVE MOTION FOR A
    BANK; WELLS FARGO BANK; JOE             MORE DEFINITE STATEMENT;
15  VILLARREAL PALMA; JOSE V. PALMA,        MEMORANDUM OF POINTS AND
    INC.; PRUDENTIAL CALIFORNIA REALTY;     AUTHORITIES IN SUPPORT OF SAME**
16  REALTY WORLD COUNTYWIDE;
    VICTORIA MORTGAGE; JOSE REYES;          [F.R.C.P. 12(b)(6) and F.R.C.P. 12(e)]
17  RAMIRO ALCALA; CHICAGO TITLE CO.;
    INDYMAC BANK; CITIMORTGAGE; ATLAS       DATE:   September 22, 2009
18  MORTGAGE SERVICES; ROBERT               TIME:   10:00 a.m.
    FERNANDEZ; STEWART TITLE                CTRM:   5
19  GUARANTY CO.; and DOES 1-100,

20              Defendants.

21

22          Defendant CITIMORTGAGE, INC. (erroneously sued as "CitiMortgage") (hereinafter

23  "CMI") hereby submits the following Notice of Motion and Motion and Memorandum of Points and

24  Authorities in Support of its Motion to Dismiss for Failure to State a Claim or in the alternative a

25  Motion for a More Definite Statement of the First Amended Complaint ("FAC") filed herein by

26  Plaintiff VICTOR TINOCO ("Plaintiff") on May 14, 2009.

27  ///

28  ///

*(left margin, vertical)* WOLFE & WYMAN LLP — ATTORNEYS & COUNSELORS AT LAW

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that the hearing on CMI's Motion to Dismiss the May 14, 2009 FAC filed by Plaintiff, will come on regularly for hearing on September 22, 2009, at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 5 of the above-mentioned court, located at 280 South 1st Street, San Jose, California.

The Motion to Dismiss is based on this Notice of Hearing, the supporting Memorandum of Points and Authorities, all judicially noticed matters, and all pleadings and papers on file in this action, on the reply, if any, that may be filed with the Court, and on any and such further oral and documentary evidence as may be presented at the hearing on this matter.

CMI moves to dismiss Plaintiff's entire FAC on the basis that Plaintiff has failed to state a claim upon which relief may be obtained.

DATED: August 10, 2009

WOLFE & WYMAN LLP

By: _____
STUART B. WOLFE
NATILEE S. RIEDMAN
Attorneys for Defendant
**CITIMORTGAGE, INC.**

2

**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**
H:\Matters\CitiMtg. Inc.- CMI (1133) (WC)\303 (Tinoco)\Pleadings\Complaint\Tinoco - Motion to Dismiss (TOC-TOA).doc

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

# **TABLE OF CONTENTS**

Page

I.  INTRODUCTION ................................................................................................1

II.  SUMMARY OF PLAINTIFF'S ALLEGATIONS ...............................................1

    A.  WSB LOAN...............................................................................................2

    B.  INDYMAC LOAN .....................................................................................3

III.  LAW & ARGUMENT .........................................................................................4

    A.  LEGAL AUTHORITY FOR A 12(B)(6) MOTION TO DISMISS ..............4

    B.  PLAINTIFF FAILS TO ALLEGE ANY CONDUCT BY CMI, LET ALONE FACTS WARRANTING VICARIOUS LIABILITY ....................................5

    C.  PLAINTIFF FAILS TO ALLEGE FACTS DEMONSTRATING AN INABILITY TO UNDERSTAND THE PRINTED LOAN DOCUMENTS ...............6

    D.  THE FACTUAL BASIS ON WHICH PLAINTIFF'S CLAIMS ARE BASED IS IMPERMISSIBLY SPECULATIVE ........................................................7

    E.  PLAINTIFF'S ALLEGATIONS WHICH ARE SOUNDED IN FRAUD SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO SATISFY THE HEIGHTENED PLEADING STANDARD.........................................................................................7

    F.  PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR RESCISSION ......................................................................8

    G.  PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR FINANCIAL ABUSE OF A DEPENDENT ADULT .........................10

        1.  Plaintiff's Claim Is Pre-empted by the Home Owners' Loan Act ...................10

        2.  Plaintiff Fails to Allege Facts Sufficient to State a Claim against CMI ..........10

    H.  PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING.........................................................................................11

    I.  PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR VIOLATION OF THE TRUTH IN LENDING ACT...........................12

        1.  Plaintiff's Allegations Run contrary to Judicially Noticeable Documentary Evidence.................................................................................12

        2.  Plaintiff Is Not Entitled to Rescission under TILA .........................................13

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**

H:\Matters\CitiMtg. Inc.- CMI (1133) (WC)\303 (Tinoco)\Pleadings\Complaint Tinoco - Motion to Dismiss (TOC-TOA).doc

## **TABLE OF CONTENTS**

Page

3.   Plaintiff's Claim for Damages Is Barred by the Statute of Limitations...........14

J.   PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A
CLAIM FOR VIOLATION OF THE UNFAIR COMPETITION ACT....................14

1.   Plaintiff's Claim Is Pre-empted by HOLA .......................................14

2.   Plaintiff Fails to Allege Facts Sufficient to State a Claim ..............................15

K.   PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A
CLAIM FOR UNFAIR COMPETITION AGAINST A DISABLED PERSON ........15

L.   PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A
CLAIM FOR DECLARATORY RELIEF................................................................16

M.   MOTION FOR A MORE DEFINITE STATEMENT.................................................17

IV.   CONCLUSION...................................................................................................18

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**

H: Matters\CitiMtg., Inc.- CMI (1133) (WC)\303 (Tinoco)\Pleadings\Complaint\Tinoco - Motion to Dismiss (TOC-TOA).doc

1

### TABLE OF AUTHORITIES

Page

2

3

**Cases**

4   Balistreri v Pacifica Police Dept.
     901 F.2d 696, 699 (9th Cir. 1990) ................................................................. 4

5   Bell Atlantic Corp. v. Twombly
     127 S.Ct. 1955, 1964-1965 (2007) ................................................................. 4

6

7   Benun v. Superior Court
     (2004) 123 Cal.App.4th  113, 119 ................................................................. 10

8   Berryman v. Merit Property Management, Inc.
     (2007) 152 Cal.App.4th 1544, 1554 ................................................................. 15

9

10   C.J.L. Const. Inc. v. Universal Plumbing
      (1993) 18 Cal.App.4th 376, 390 ................................................................. 16

11   Cal. Emergency Physicians Med. Group v. Pacificare of Cal.
      (2003) 111 Cal.App.4th 1127, 1133 ................................................................. 15

12

13   California Ins. Guar. Assn'n v. Sup. Ct. (Jakes)
      (1991) 231 Cal.App.3d 1617, 1623-24 ................................................................. 17

14   Careau & Co. v. Security Pacific Business Credit, Inc.
      (1990) 222 Cal.App.3d 1371, 1393-99 ................................................................. 12

15

16   City of Cotati v. Cashman
      (2002) 29 Cal.App.4th 69, 80 ................................................................. 16

17   Copesky v. Superior Court
      (1991) 229 Cal.App.3d 678, 689-90 ................................................................. 12

18

19   Cosio v. Simental
      2009 WL 201827, 2-5 (C.D.Cal. 2009) ................................................................. 10

20   Del E. Webb Corp. v. Structural Materials Co.
      (1981) 123 Cal.App.3d 593, 604 ................................................................. 13

21

22   Freeman & Mills, Inc. v. Belcher Oil Co.
      (1995) 11 Cal.4th 85, 93-95 ................................................................. 12

23   Holywell Corp v. Smith
      (1992) 503 U.S. 47, 57 ................................................................. 6

24

25   Hubbard v. Fidelity Federal Bank
      91 F.3d 75, 79 (9th Cir. 1996) ................................................................. 14

26   Kearns v. Ford Motor Co.
      2009 U.S.App. LEXIS 12289 (9th Cir.Cal. June 8, 2009) ................................................................. 8

27

28   King v. California
      784 F.2d 910, 915 (9th Cir. 1986) ................................................................. 14

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

### NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS
H:\Matters\CitiMtg. Inc.- CMI (1133) (WC)\303 (Tinoco)\Pleadings\Complaint\Tinoco - Motion to Dismiss (TOC-TOA).doc

# TABLE OF AUTHORITIES

Page

Lesperance v. North American Aviation, Inc.
(1963) 217 Cal.App.2d 336, 344 ............................................................ 8

Ludgate Ins. Co. v. Lockheed Martin Corp.
(2002) 82 Cal.App.4th 592, 605 ............................................................ 16

Murillo v. Lehman Brothers Bank FSB
2009 WL 2160578, 4 (N.D.Cal. 2009) .................................................. 15

Neet v. Holmes
(1944) 25 Cal.2d 447, 456-57 ............................................................... 9

NL Industries, Inc. v. Kaplan
792 F.2d 896, 898 (9th Cir. 1986) ........................................................ 4

Northstar International v. Arizona Corp. Commission
720 F.2d 578, 583 (9th Cir. 1983) ...................................................... 4, 5

Pareto v. F.D.I.C.
139 F.3d 696, 699 (9th Cir. 1998) ........................................................ 4

Peterson Dev. Co. v. Torrey Pines Bank
(1991) 233 Cal.App.3d 103, 116-119 ................................................... 5

Pittenger v. Home Sav. & L. Ass'n.
(1958) 166 Cal.App.2d 32, 36 .............................................................. 16

Price v. Wells Fargo Bank
(1989) 213 Cal.App.3d 465, 476 .......................................................... 12

Randas v. YMCA of Metropolitan Los Angeles
(1993) 17 Cal.App.4th 158, 163 ......................................................... 7, 9

Richards v. Harper
864 F.2d 85, 88 (9th Cir. 1988) ............................................................ 4

Robertson v. Dean Witter Reynolds, Co.
749 F.2d 530, 534 (9th Cir. 1984) ........................................................ 4

Smith v. San Francisco
(1990) 225 Cal.App.3d 38, 49 .............................................................. 11

Stansfield v. Starkey
(1990) 220 Cal.App.3d 59, 73 .............................................................. 8

Stribling v. Mailliard
(1970) 6 Cal.App.3d 470, 475 .............................................................. 16

Tarmaann v. State Farm Mutual Auto Ins. Co.
(1991) 2 Cal.App.4th 153, 157 ............................................................. 8

///

**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**

H:\Matters\CitiMtg. Inc.- CMI (1133) (WC)\303 (Tinoco)\Pleadings\Complaint\Tinoco - Motion to Dismiss (TOC-TOA).doc

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

## TABLE OF AUTHORITIES

Page

Unterberger v. Red Bull North America, Inc.
   (2008) 162 Cal.App.4th 414, 421 ........................................................................ 6

Wagner v. Benson
   (1980) 101 Cal.App.2d 27, 34 ........................................................................... 12

Warren et. al. v. Fox Family Worldwide, Inc. et. al.
   171 F. Supp. 2d 1057, 1066 (CD Cal. 2001) ....................................................... 4

Western Mining counsel v. Watt
   643 F.2d 618, 624 (9th Cir. 1981) ....................................................................... 5

Wilhelm v. Pray, Price, Williams & Russell
   (1986) 186 Cal.App.3d 1324, 1331 ..................................................................... 8

Wyatt v. Union Mortgage Co.
   (1979) 24 Cal.3d 773, 782 .................................................................................. 5

**Statutes**

12 C.F.R. 226.23(a)(3) ............................................................................................ 13

12 C.F.R. §§ 560.2 ................................................................................................. 10

15 U.S.C. § 1640(e) ............................................................................................... 14

Business & Professions Code § 17200 ........................................................... 1, 14, 15

Business & Professions Code § 17206.1 .................................................................. 15

Cal. Civ. Code § 1632 ............................................................................................... 1

Cal. Civ. Code § 1670.5 .......................................................................................... 14

Cal. Civ. Code § 1689 ............................................................................................... 9

Cal. Civ. Code § 1691(b) ........................................................................................... 9

Cal. Civ. Code. § 1989(b) (1) ..................................................................................... 9

Cal. Welfare &  Institutions Code § 12955.3 ........................................................... 11

Cal. Welfare & Institutions Code § 15610.23 .......................................................... 11

Cal. Welfare & Institutions Code § 15610.30 .......................................................... 10

California Finance Code § 4979.5(a) .......................................................................... 5

FRCP Rule 12(e) .................................................................................................... 17

FRCP Rule 12(g) .................................................................................................... 17

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**

1

# <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

FRCP Rule 12(b)(6) ................................................................................................................ 4

3

**Other Authorities**

4

4 Miller & Starr, <u>Cal. Real Estate</u>
    3d Ed. § 3:35, pg. 208 .................................................................................................. 11

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**
H:\Matters\CitiMtg. Inc.- CMI (1133) (WC)\303 (Tinoco)\Pleadings\Complaint\Tinoco - Motion to Dismiss (TOC-TOA).doc

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.      <u>INTRODUCTION</u>

On May 14, 2009, Plaintiff filed a FAC, asserting causes of action for: (1) rescission/cancellation; (2) violation of California Civil Code § 1632; (3) financial abuse of a dependent adult; (4) fraud; (5) breach of covenant of good faith and fair dealing; (6) breach of fiduciary duty; (7) aiding and abetting; (8) negligent supervision; (9) violation of the Truth in Lending Act; (10) violation of Business and Professions Code § 17200; (11) unfair competition against a disabled person; and (12) declaratory relief.  Only Plaintiff's first, third, fifth, and ninth through twelfth causes of action are alleged as against CMI.

The FAC contains allegations regarding two separate loans, each of which involved entirely different parties.  Moreover, Plaintiff fails to allege any conduct, let alone misconduct by CMI which would support a claim.  As more fully detailed below, Plaintiff fails to state any claim on which relief can be granted.  Accordingly, CMI respectfully requests that the Court grant its Motion to Dismiss without leave to amend.

## II.      <u>SUMMARY OF PLAINTIFF'S ALLEGATIONS</u>

This action arises from a loan origination dispute relating to (1) a loan funded by co-defendant World Savings Bank ("WSB") (hereinafter "WSB Loan") for the purchase of the real property located at 1119 Cobblestone Street, Salinas, CA ("Subject Property") and (2) another loan funded by co-defendant Indymac Bank ("Indymac") for the purpose of refinancing the WSB Loan (hereinafter "Subject Loan").

Plaintiff alleges that he is "deaf and mute and requires a deaf language interpreter for proper communication."  (FAC ¶¶ 1, 19).  Plaintiff alleges that "at all relevant times" he expressed his need for an interpreter but that none was provided."  (FAC ¶ 20).  Plaintiff does not specify any particular occasion(s) on which he requested an interpreter.   Nor does Plaintiff specify any particular entity or person to whom he made such a request, despite the fact that Plaintiff purportedly interacted with numerous persons and entities and with respect to two entirely different loans.

Plaintiff alleges that "at all times relevant to this action," Plaintiff was accompanied by his brother.  (FAC ¶ 21).  Plaintiff alleges that each party who played a role in originating the WSB

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    Loan communicated in Spanish with his brother, who is monolingual. (FAC ¶ 40). Plaintiff does

2    not specify whether he, himself is monolingual.

3    **A.    <u>WSB LOAN</u>**

4        Plaintiff alleges no connection between CMI and the WSB Loan.   Plaintiff alleges that co-

5    defendants Jose Palma Inc., Joe Villarreal Palma, Prudential Realty, Realty World Countrywide and

6    Victoria Mortgage (collectively "Palma Defendants") each played a role in the origination of the

7    WSB Loan as either a mortgage broker or real estate agent. (FAC ¶¶ 3-5). Plaintiff alleges that co-

8    defendants Jose Reyes and Ramiro Acala were the designated broker and owner, respectively, of

9    Cornerstone Financial Group. (FAC ¶¶ 6-7) Plaintiff alleges that co-defendant World Savings Bank

10    (hereinafter "WSB") funded the WSB Loan and that Wachovia Bank is WSB's successor in interest.

11    (FAC ¶ 8). Plaintiff alleges that co-defendant Wells Fargo Bank acquired Wachovia in December

12    2008. (Id.).   Plaintiff alleges that Chicago Title Company provided escrow and settlement services

13    for WSB. (FAC ¶ 10).

14        Plaintiff alleges that he purchased the Subject Property on May 15, 2009 for $590,000.00.

15    (FAC ¶ 29).   Plaintiff alleges that he was provided with four different payment options, and that the

16    one he ultimately selected featured low monthly payments that resulted in negative amortization.

17    (FAC ¶ 33). Plaintiff alleges that the WSB Loan was an adjustable rate mortgage which was

18    comprised of a first loan in the amount of $442,500.00 and a second loan which was an open end

19    equity line of credit with a maximum of $88,500.00. (FAC ¶ 32). Plaintiff alleges that the Palma

20    Defendants falsified his income in applying for the WSB Loan. (FAC ¶ 31). Plaintiff also alleges

21    that "[t]he defendants" knew he was a dependent adult who was unemployed with his only source of

22    income amounting to $1,259.00. (FAC ¶ 31). Accordingly, Plaintiff alleges that the defendants

23    knew he could not afford the WSB Loan. (Id.).

24        Plaintiff alleges that Reyes, Acala, WSB and the Palma Defendants: (1) misrepresented the

25    costs and terms of the WSB Loan, (2) failed to provide proper notices and disclosures, (3) collected

26    and charged excessive fees, (4) failed to communicate the terms, nature and effect of the WSB Loan

27    and (5) misled Plaintiff into believing that he was obtaining a fixed rate loan that he could afford.

28    (FAC ¶ 35).

WOLFE & WYMAN LLP
Attorneys & Counsellors At Law

2

**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**

**B.   INDYMAC LOAN**

Plaintiff alleges that co-defendant Atlas Mortgage Services (hereinafter "Atlas") acted as the mortgage broker "with Indymac." (FAC ¶ 11). Plaintiff alleges that defendant Robert Fernandez (hereinafter "Fernandez") was a broker and the owner of Atlas. (Id.). Plaintiff alleges that Indymac funded the Subject Loan and that co-defendant Stewart Title Company acted as the settlement and escrow agent. (FAC ¶ 12). Plaintiff's sole allegation with respect to CMI is that it is the successor in interest of the $62,000.00 Second Loan described below. (FAC ¶¶ 13, 51).

Plaintiff alleges that, accompanied by his brother, Plaintiff met with Inez Mejia, a real estate agent for mortgage broker Atlas. (FAC ¶ 42). Plaintiff alleges that Inez communicated exclusively with his brother in Spanish and that Inez did not "communicate or attempt to communicate with Plaintiff" or provide an interpreter. (Id.). Plaintiff does not allege that he requested an interpreter on this occasion. Plaintiff alleges that "Atlas Mortgage was aware at all relevant times" that he was a dependent adult with a monthly income of $1259.00 per month. (FAC ¶ 44). Plaintiff further alleges that Atlas and Indymac "used the same false income" that WSB used but that they should have known the income level reported on the WSB Loan application was false. (Id.). Plaintiff does not allege any facts suggesting why Indymac would have had such knowledge.

Plaintiff alleges that on September 21, 2006, Indymac funded two loans (collectively "Subject Loan") for the purpose of refinancing the WSB Loan. (FAC ¶ 45). The first was funded in an amount of $500,000.00 (hereinafter "First Loan"). (FAC ¶ 46). The second (hereinafter "Second Loan") was funded in the amount of $62,500.00. (FAC ¶¶ 46-47).

Plaintiff alleges that Atlas, Indymac and Fernandez (1) misrepresented the costs and terms of the Subject Loan, (2) failed to provide "proper notices and disclosures required by law," (3) charged and/or received excessive fees and costs, (4) failed to properly communicate the terms, nature and effect of the Subject Loan and (5) misled Plaintiff into believing that he was obtaining a fixed rate loan. (FAC ¶ 48).

Plaintiff alleges that at all times, Atlas, Fernandez, Indymac and Stewart Title negotiated the terms of the Subject Loan solely with his brother in Spanish and did not offer or provide interpretation to Plaintiff. (FAC ¶ 50). Plaintiff does not specifically allege that he requested an

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**

1   interpreter from any of these entities.  Finally, Plaintiff alleges that he provided Indymac and CMI

2   written notice of his request to rescind the Subject Loan on November 10, 2008.  (FAC ¶ 52).

3   ### III.    LAW & ARGUMENT

4       In light of the fact that Plaintiff makes no allegations of a relationship between CMI and the

5   WSB Loan, where possible, CMI limits its analysis to the Subject Loan.

6   ### A.    LEGAL AUTHORITY FOR A 12(B)(6) MOTION TO DISMISS

7       Federal Rule of Civil Procedure, Rule 12(b) states in relevant part that a party may assert a

8   defense to a Complaint based on the plaintiff's failure to state a claim upon which relief can be

9   granted.  (FRCP, Rule 12(b)(6)).  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal

10  sufficiency of the claim or claims stated in the Complaint.  (Bell Atlantic Corp. v. Twombly, 127

11  S.Ct. 1955, 1964-1965 (2007)).  As such, the court must decide whether the Complaints alleged, if

12  true, would entitle the plaintiff to some form of legal remedy.  (Id.)

13      Therefore, a Rule 12(b)(6) motion is proper where there is either a lack of a cognizable legal

14  theory or the absence of sufficient Complaints alleged under a cognizable legal theory.  (Balistreri v

15  Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter

16  Reynolds, Co., 749 F.2d 530, 534 (9th Cir. 1984)).

17      In ruling on a Rule 12(b)(6) motion, the court must construe the Complaint in the light most

18  favorable to the plaintiff, accept all well-pleaded allegations as true, and determine whether those

19  allegations, if proved, establish a valid claim for relief.  (See Pareto v. F.D.I.C., 139 F.3d 696, 699

20  (9th Cir. 1998); see also Bell Atlantic Corp. v. Twombly, supra, 127 S.Ct. at 1965, see also NL

21  Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, the plaintiff bears the

22  burden of pleading Complaints sufficient to state a claim and the court will not supply a central

23  element of a claim that a plaintiff did not plead.  (Richards v. Harper, 864 F.2d 85, 88 (9th Cir.

24  1988)).  Additionally, although an amended pleading supersedes the prior, the prior pleading may be

25  admissible in evidence against the pleader.  (Warren et al. v. Fox Family Worldwide, Inc. et al., 171

26  F. Supp. 2d 1057, 1066 (CD Cal. 2001)).

27      A dismissal is also proper if a Complaint is vague, conclusory, and fails to set forth material

28  Complaints in support of its allegations.  (Northstar International v. Arizona Corp. Commission, 720

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

1    F.2d 578, 583 (9th Cir. 1983)).  To that end, the court need not accept as true conclusory allegations

2    or legal characterizations.  (Western Mining counsel v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)).

3    Nor need it accept unreasonable inferences or unwarranted deductions of Complaint.  (Id.).

**B.    PLAINTIFF FAILS TO ALLEGE ANY CONDUCT BY CMI, LET ALONE FACTS
       WARRANTING VICARIOUS LIABILITY**

6              Despite his naming CMI as a defendant, nowhere in the FAC does Plaintiff allege any

7    conduct, let alone misconduct on the part of CMI.  Plaintiff does not allege that CMI was in any way

8    involved in the origination of any of the loans at issue or that CMI took any part in soliciting the

9    loans, facilitating loan application completion and/or verification, or engaging in review, approval or

10   funding of the loans.  Plaintiff's sole allegation related to CMI is that it is a "successor in interest" of

11   the Second Loan.  However, Plaintiff fails to allege facts supporting even this legal conclusion.

12             Plaintiff fails to plead facts sufficient to demonstrate that CMI participated in the origination

13   of the Subject Loan or that CMI should be held vicariously liable for the conduct of any other entity.

14   The gravamen of Plaintiff's FAC, as it pertains to the Subject Loan, appears to be that mortgage

15   broker Atlas failed to adequately explain the terms of the Subject Loan because it did not attempt to

16   communicate with Plaintiff directly and did not provide a deaf language interpreter.  Plaintiff fails to

17   allege facts demonstrating that he ever communicated directly with either Indymac or CMI or that

18   either made any representations to Plaintiff.

19             In order to hold all defendants vicariously liable for the acts of the mortgage broker, and to

20   hold CMI liable for misconduct that allegedly occurred at the origination of the Subject Loan,

21   Plaintiff conclusorily alleges that all of the defendants were agents of each other and entered into and

22   acted in furtherance of a conspiracy.

23             However, California Law dictates a mortgage broker is typically considered the agent of

24   **borrower**.  (Wyatt v. Union Mortgage Co., (1979) 24 Cal.3d 773, 782, emphasis added).

25   Specifically, a broker owes a fiduciary duty to a borrower under California Finance Code

26   § 4979.5(a), whereas a financial institution generally owes no duty of care to a borrower, let alone a

27   fiduciary duty.  (See Peterson Dev. Co. v. Torrey Pines Bank (1991) 233 Cal.App.3d 103, 116-119).

28             In fact, Plaintiff alleges that he sought out the help of Atlas independent of any interaction

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

5

**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**

1    with either Indymac or CMI.  (FAC ¶¶ 41-42).  Plaintiff fails to allege any facts that would even

2    suggest that Atlas was the agent of Indymac, let alone CMI or that any of said entities were involved

3    in a conspiracy.  Moreover, Plaintiff fails to allege facts suggesting that CMI would have had any

4    knowledge of the conduct of the mortgage broker at the point of origination of the Subject Loan.

5        Moreover, Plaintiff fails to allege facts sufficient to hold CMI liable under an assignee

6    liability theory.  Even assuming arguendo that CMI was a successor in interest to the Second Loan,

7    Plaintiff fails to allege facts demonstrating that CMI assumed any obligations purportedly imposed

8    at the origination of the Subject Loan.  An assignee is defined as one to whom a right or property is

9    legally transferred.  (Holywell Corp v. Smith, (1992) 503 U.S. 47, 53).  In fact, an assignment of

10   rights does not impose upon the assignee the obligations of the assignor under the contract unless the

11   assignee assumes these obligations.  (Unterberger v. Red Bull North America, Inc., (2008) 162

12   Cal.App.4th 414, 421).

13       Plaintiff simply fails to state facts sufficient to show that CMI could be held liable for the

14   actions of third parties pursuant to an assignment.  Plaintiff fails to identify an assignment agreement

15   or to identify any terms of any assignment that show CMI is a successor in interest, let alone that it

16   assumed liability for issues arising from the origination of the Second Loan.  Plaintiff further fails to

17   identify facts showing a relationship between the mortgage brokers, the alleged wrongdoers, and

18   CMI.

19       Based on the foregoing, Plaintiff cannot be allowed to maintain an action against CMI by

20   simply naming CMI in the caption of the action without stating facts demonstrating conduct that

21   would give rise to a claim against CMI.  Accordingly, CMI is not an appropriate party to this action

22   and CMI respectfully requests that it be dismissed from this action.

23   C.   **PLAINTIFF FAILS TO ALLEGE FACTS DEMONSTRATING AN INABILITY TO
         UNDERSTAND THE PRINTED LOAN DOCUMENTS**

24

25       Despite Plaintiff's allegations that he has a hearing and/or speaking impairment, and

26   notwithstanding Plaintiff's allegations that his brother does not understand English, Plaintiff fails to

27   allege any facts demonstrating that his disability prevents Plaintiff himself from reading and

28   understanding the loan documents that he signed.

**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**
H:\Matters\CitiMtg. Inc.- CMI (1133) (WC)\303 (Tinoco)\Pleadings\Complaint-Tinoco - Motion to Dismiss (TOC-TOA).doc

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

The Deed of Trust and attached Adjustable Rate Rider relating to the First Loan, both signed by Plaintiff, clearly and conspicuously indicate that the interest rate was subject to change in October 2013. (*See* Request for Judicial Notice ("RJN"), Exhibit A). The Deed of Trust and Balloon Rider relating to the Second Loan, both of which Plaintiff signed, clearly and conspicuously indicate that a balloon payment could become due in October 2021. (*See* RJN, Exhibit B). "Ordinarily, one who accepts or signs an instrument, which on its face is a contract, is deemed to assent to all its terms, and cannot escape liability on the ground that he has not read it." (Randas v. YMCA of Metropolitan Los Angeles (1993) 17 Cal.App.4th 158, 163).

Nevertheless, a Notice of Default relating to the Subject Loan was recorded on August 25, 2008, well before the interest rate on the First Loan would become subject to change and before any balloon payment could have become due. (*See* RJN, Exhibit C).

**D.    THE FACTUAL BASIS ON WHICH PLAINTIFF'S CLAIMS ARE BASED IS IMPERMISSIBLY SPECULATIVE**

Plaintiff's claims are largely based on allegations that he was promised a fixed rate loan but was ultimately provided with an adjustable rate First Loan and a fixed rate Second Loan with a possible balloon payment. As a preliminary matter, the Deeds of Trust that Plaintiff signed clearly set forth these terms. Moreover, there is no way for Plaintiff to predict what the interest rate of the First Loan would have been when it became adjustable in 2013. Further, the balloon payment featured in the Second Loan was contingent on Plaintiff's failure to pay the balance of the loan by October 2021. (See RJN, Exhibits A and B). Nevertheless, Plaintiff defaulted on the Subject Loan in 2008, well before the date on which the interest rate would have become adjustable in 2013 or any balloon payment could have become due in 2021. (*See* RJN, Exhibit D).

**E.    PLAINTIFF'S ALLEGATIONS WHICH ARE SOUNDED IN FRAUD SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO SATISFY THE HEIGHTENED PLEADING STANDARD**

Plaintiff's claims for rescission, financial abuse of a dependent adult, breach of covenant of good faith and fair dealing, unfair business practices, unfair competition against a disabled person and declaratory relief are all grounded in their claim for fraud, which Plaintiffs do not allege as

**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**
H:\Matters\CitiMtg. Inc.- CMI (1133) (WC) 303 (Tinoco)\Pleadings\Complaint-Tinoco - Motion to Dismiss (TOC-TOA).doc

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1   against CMI.

2          Fraud actions are subject to strict pleading requirements because "allegations of fraud

3   involve a serious attack on character, and fairness to the defendant demands that they should receive

4   the fullest possible details of the charge in order to prepare their defense. (Lesperance v. North

5   American Aviation, Inc. (1963) 217 Cal.App.2d 336, 344). Thus, every element of a fraud cause of

6   action must be pled in full, factually and specifically. (Wilhelm v. Pray, Price, Williams & Russell

7   (1986) 186 Cal.App.3d 1324, 1331). The particularity requirement necessitates pleading facts that

8   "show how, when, where, to whom, and by what means the representations were tendered."

9   (Stansfield v. Starkey (1990) 220 Cal.App.3d 59, 73). Moreover, where the defendant is a

10  corporation, the fraud cause of action must allege specific names of the persons who made the

11  misrepresentation, their authority to speak for the corporation, to whom they spoke to, what they said

12  or wrote, and when it was said or written. (Tarmaann v. State Farm Mutual Auto Ins. Co. (1991) 2

13  Cal.App.4th 153, 157).

14         In Kearns v. Ford Motor Co., 2009 U.S.App. LEXIS 12289 (9th Cir.Cal. June 8, 2009), the

15  court found that because the plaintiff's claims were *grounded* in fraud, the entire complaint should

16  have been pled with particularity. (emphasis added). Therein, the Court dismissed the complaint

17  without leave to amend because the plaintiff should have plead exactly what representations he

18  relied upon, who made them and under what circumstances. (Id.).

19         Here, Plaintiff fails to allege facts sufficient to state a claim for fraud, let alone a claim as

20  against CMI. Plaintiff fails to demonstrate how, when, where, to whom or by what means any

21  representations were tendered. Plaintiff also fails to allege the specific names of the persons who

22  made the purported representations, their authority to speak, what was said or written or when the

23  purported representations were made.

24         Based on the foregoing, Plaintiff clearly fails to allege facts sufficient to hold CMI liable for

25  any of the aforementioned claims which are grounded in fraud.

26  **F.     PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR
            RESCISSION**

27

28         In support of his cause of action for rescission as it pertains to the Subject Loan, Plaintiff

**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**
H:\Matters\CitiMtg. Inc.- CMI (1133) (WC)\303 (Tinoco)\Pleadings\Complaint-Tinoco - Motion to Dismiss (TOC-TOA).doc

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1   alleges the Subject Loan was procured through "fraud, mistake and undue influence" because

2   Indymac "through its agents" Atlas and Fernandez failed to disclose to Plaintiff that he was

3   receiving an adjustable rate mortgage and would owe a balloon payment.  (FAC ¶¶ 56, 58-59, 62).

4   As set forth above, the Adjustable Rate and Balloon Riders included as parts of the Deeds of Trust,

5   which Plaintiff signed, clearly set forth these terms.  (*See* RJN, Exhibits A and B).

6       California Civil Code § 1689 permits rescission "if the consent of the party rescinding …

7   was given by mistake, or obtained through … fraud." (Civ. Code. § 1989(b) (1)).   Notably, Plaintiff

8   does not allege his cause of action for fraud as against CMI.  Plaintiff fails to allege any conduct by

9   CMI, let alone conduct that would satisfy the heightened pleading standard for a fraud claim.

10      Moreover, to affect a rescission, a plaintiff must "restore to the other party everything of

11  value which he has received under the contract or offer to restore same."  (Civ. Code § 1691(b)).

12  Here, Plaintiff has not alleged that he will restore the value he received from the Subject Loan.  To

13  the contrary, Plaintiff alleges that he does not have sufficient income to pay the monthly mortgage

14  payments due.

15      Moreover, any allegation that Plaintiff did not understand the terms of the contract because

16  of his hearing impairment when he signed the loan documents is not a basis for rescission.  As set

17  forth above, Plaintiff fails to plead facts demonstrating his ability to understand the written loan

18  documents.  Moreover, "ordinarily, one who accepts or signs an instrument, which on its face is a

19  contract, is deemed to assent to all its terms, and cannot escape liability on the ground that he has not

20  read it." (Randas v. YMCA of Metropolitan Los Angeles (1993) 17 Cal.App.4th 158, 163).

21      Finally, in order to rescind a contract, the rescinding party must have suffered some injury,

22  prejudice or damage.  (Neet v. Holmes (1944) 25 Cal.2d 447, 456-57).  Here, Plaintiff defaulted on

23  the Subject Loan before the interest rate on the First Loan would have become adjustable and well

24  before a balloon payment could have become due.  (*See* RJN, Exhibits A, B and C).  Thus, Plaintiff

25  fails to plead facts sufficient to demonstrate any injury, prejudice or damage.

26  ///

27  ///

28  ///

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

9

**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**

G.  **PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR FINANCIAL ABUSE OF A DEPENDENT ADULT**

### 1.  **Plaintiff's Claim Is Pre-empted by the Home Owners' Loan Act**

California Courts have held that California's Elder Abuse and Dependent Adult Civil Protection Act ("Dependent Adult Protection Act") is pre-empted by the Home Owners' Loan Act of 1933 ("HOLA") where the conduct alleged is related to lending practices, operations, and charges. (Cosio v. Simental 2009 WL 201827, 2-5 (C.D.Cal. 2009); 12 C.F.R. §§ 560.2, 560.2(b)).

### 2.  **Plaintiff Fails to Allege Facts Sufficient to State a Claim against CMI**

Even if the Dependent Adult Protection Act is not pre-empted, Plaintiff fails to plead facts sufficient to hold CMI liable.  Under the Dependent Adult Protection Act, financial abuse of a dependent adult means a situation where all of the following conditions are satisfied: (1) a dependent adult requests that a third party transfer property that belongs to the dependent adult or is held in express trust for the dependent adult, of which the third party has control or possession; (2) despite the dependent adult's request for transfer of the property, the third party, without good cause, either continues to hold the property or fails to take reasonable steps to make the property readily available; and (3) the third party committed the acts described above in bad faith.  (4 Miller & Starr, Cal. Real Estate, 3d Ed. § 3:35, pg. 208; Cal. Welfare & Institutions Code § 15610.30).

A third party shall be deemed to have acted in bad faith if the third party either knew or should have known that the dependent adult had the right to have the property transferred or made readily available.  (Id.).  A third party should have known of this right if, on the basis of the information received by the dependent adult, it is obvious to a reasonable person that the dependent adult had this right.  (Id.).  Moreover, California Courts have held that, to establish financial abuse under the aforementioned act, a plaintiff must show that the defendant was guilty of recklessness, oppression, fraud or malice.  (Benun v. Superior Court (2004) 123 Cal.App.4th 113, 119).

Here, in support of his cause of action, Plaintiff conclusorily alleges that all defendants caused Plaintiff to "sign loans that he could not understand, and were not in his best interest" through "undue influence and fraud."  (FAC ¶ 72).  Notably, Plaintiff's cause of action for fraud is not alleged as against CMI, nor is his cause of action for aiding and abetting.  Moreover, Plaintiff

10

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    fails to allege any facts indicating bad faith on CMI's part, let alone facts sufficient to satisfy the

2    heightened pleading standard of a fraud claim.  Instead, the sole allegation that Plaintiff makes with

3    respect to CMI is that "CMI is the successor in interest to Indymac" with regard to the Second Loan.

4         Additionally, Plaintiff fails to state facts demonstrating why he should be considered a

5    "dependent adult."  Under the  Dependent Adult Protection Act, a dependent adult means "any

6    person between the ages of 18 and 64 years who resides in California and who has a physical or

7    mental limitations that restrict his or her ability to carry out normal activities or protect his or her

8    rights, including …persons who have physical or developmental disabilities."  (Cal. Welfare &

9    Institutions Code § 15610.23).  Here, Plaintiff simply recites this definition of a defendant adult and

10   states that he "is a dependent adult within the meaning of California Welfare &  Institutions Code

11   § 12955.3."  However, Plaintiff fails to plead facts supporting this contention and no such section of

12   the California Welfare and Institutions Code exists.

### H.    PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

15        In support of his cause of action for breach of the covenant of good faith and fair dealing,

16   Plaintiff conclusorily alleges that all defendants owe Plaintiff a duty of good faith and fair dealing

17   "in entering into the contracts" and that all defendants breached this duty by "misrepresenting and

18   failing to disclose the essential terms and conditions of the loans."  (FAC ¶¶ 86-87).  As a

19   preliminary matter, Plaintiff fails to establish that he was unable to understand the written loan

20   documents that he signed, which clearly disclose the terms and conditions of which Plaintiff alleges

21   he did not receive notice.

22        A claim for breach of implied covenant of good faith and fair dealing is derivative of a

23   contractual relationship.  (Smith v. San Francisco, (1990) 225 Cal.App.3d 38, 49).   Thus, the

24   prerequisite for any action for breach of this covenant is the existence of a contractual relationship

25   between the parties, because the covenant is an implied term in the contract.  (Smith v. San

26   Francisco, (1990) 225 Cal.App.3d 38, 49).   Here, although Plaintiff alludes to some type of contract,

27   he fails to allege a specific contract with CMI, the terms of any such contract, or attach a copy of

28   same.   Further, the ultimate use to which loan proceeds are put is only secondarily related to the

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**
H:\Matters\CitiMtg. Inc.~ CMI (1133) (WC)\303 (Tinoco)\Pleadings\Complaint Tinoco - Motion to Dismiss (TOC-TOA).doc

1   immediate purpose of the contract and a contracting party is not required to totally disregard its own

2   interests to show good faith."  (Wagner v. Benson, (1980) 101 Cal.App.2d 27, 34).

3       Moreover, California courts have refused to extend the covenant of good faith and fair

4   dealing to noninsurance cases.  (See Careau & Co. v. Security Pacific Business Credit, Inc., (1990)

5   222 Cal.App.3d 1371, 1393-99).  In Freeman & Mills, Inc. v. Belcher Oil Co., (1995) 11 Cal.4th 85,

6   93-95, the California Supreme Court held "courts should limit tort recovery in contract breach

7   situations to the insurance area, at least in the absence of violation of an independent duty arising

8   from principles of tort law other than denial of the existence of, or liability under, the breached

9   contract."

10       California courts have also specifically refused to extend the tort of breach of the covenant of

11   good faith and fair dealing to financial institutions. (Price v. Wells Fargo Bank (1989) 213

12   Cal.App.3d 465, 476).  In Copesky v. Superior Court, (1991) 229 Cal.App.3d 678, 689-90, the court

13   exhaustively reviewed the viability of tort actions in a creditor-debtor relationship, finding that

14   "there is only one category of business transactions which definitely is amenable to actions for

15   contract breaches, and that is insurance."

16       Based on the foregoing, Plaintiff fails to state a claim for breach of the covenant of good faith

17   and fair dealing.

18   **I.   PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR
19        VIOLATION OF THE TRUTH IN LENDING ACT**

20       **1.   Plaintiff's Allegations Run contrary to Judicially Noticeable Documentary
          Evidence**

21

22       In his ninth cause of action, Plaintiff requests damages and rescission of the Subject Loan

23   under the Truth in Lending Act ("TILA").  (FAC ¶ 114).  In support of his cause of action for

24   violation of TILA as it pertains to the Subject Loan, Plaintiff alleges that Indymac (1) provided a

25   defective notice of his right to cancel the First Loan on September 21, 2006 because the notice "used

26   the incorrect date of September 18, 2006"; (2) failed to provide Plaintiff with the appropriate notice

27   of his three day right to cancel the Second Loan; and (3) failed to provide Plaintiff with "the

28   appropriate disclosures required under TILA, including but not limited to failing to disclose the

**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**
H:\Matters\CitiMtg. Inc.- CMI (1133) (WC)\303 (Tinoco)\Pleadings\Complaint-Tinoco - Motion to Dismiss (TOC-TOA).doc

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    annual percentage rate." (FAC ¶¶ 112-113).

2       However, Plaintiff's allegations run contrary to judicially noticeable evidence. Though the

3 notice of right to cancel was originally dated September 18, 2009 and stated that the right to cancel

4 expired on September 21, 2009, the document that Plaintiff signed contains handwritten corrections,

5 each of which is initialed by Plaintiff. (*See* RJN, Exhibit D). The handwritten corrections indicate

6 that the date of the transaction was September 21, 2009, which was the date of Plaintiff's execution

7 of the Deeds of Trust. (*See* RJN, Exhibits A, B and D). The corrections also indicate that the date of

8 expiration of Plaintiff's right to rescind was three days later on September 25, 2009. (*See* RJN,

9 Exhibit D).

10       Plaintiff's allegations regarding "appropriate disclosures" are fatally conclusory, as Plaintiff

11 appears to simply recite various terminologies provided for in the TILA statutory scheme. Plaintiff

12 fails to specify the particular disclosures that defendants purportedly failed to make or how any

13 disclosures made were inappropriate. Moreover, the TILA Disclosure statement that Plaintiff signed

14 clearly sets for the disclosures required under TILA, including the annual percentage rate. (*See* RJN,

15 Exhibit E).

16       Where facts alleged in a complaint run contrary to judicially noticeable evidence, the

17 judicially noticeable facts control. "The courts ... will not close their eyes to situations where a

18 complaint contains allegations of fact inconsistent with attached documents, or allegations contrary

19 to facts which are judicially noticed." (Del E. Webb Corp. v. Structural Materials Co. (1981) 123

20 Cal.App.3d 593, 604.) "Thus, a pleading valid on its face may nevertheless be subject to a motion to

21 dismiss when attached documents or matters judicially noticed by the court render the complaint

22 meritless." (Id.).

23              **2. Plaintiff Is Not Entitled to Rescission under TILA**

24       "The consumer may exercise the right to rescind until midnight of the third business day

25 following consummation, delivery of the notice required by paragraph (b) of this section, or delivery

26 of all material disclosures, whichever occurs last." (12 C.F.R. 226.23(a)(3)). Here, Plaintiff admits

27 that the consummation of the transaction occurred on September 21, 2006 and that he received the

28 notice of the right to rescind at that time. (FAC ¶ 45; *See also* RJN, Exhibits D and E). As such, the

**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**
H:\Matters\CitiMtg. Inc.- CMI (1133) (WC)\303 (Tinoco)\Pleadings\Complaint\Tinoco - Motion to Dismiss (TOC-TOA).doc

1   right to rescind would extend only to midnight September 24, 2006.  However, Plaintiff admits that

2   he did not attempt to rescind until November 10, 2008.  (FAC ¶ 52).

### 3.  Plaintiff's Claim for Damages Is Barred by the Statute of Limitations

4       Even if Plaintiff had alleged facts sufficient to state a claim, any claims for damages under

5   TILA would be barred by the statute of limitations.  Under § 1640, an action must be brought within

6   one year of the alleged violation to recover damages under TILA.  (15 U.S.C. § 1640(e); Hubbard v.

7   Fidelity Federal Bank, 91 F.3d 75, 79 (9th Cir. 1996)).  The limitations period runs from the date of

8   the consummation of the transaction, i.e. the time that a consumer becomes contractually obligated

9   on a credit transaction.  (See Id. [Citing King v. California 784 F.2d 910, 915 (9th Cir. 1986)]).

10  Here, Plaintiff alleges that he entered into the Subject Loan on September 21, 2006.  Thus, the

11  statute of limitations expired on September 21, 2007.  However, Plaintiff filed his FAC on May 14,

12  2009.

### J.   PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR VIOLATION OF THE UNFAIR COMPETITION ACT

15      In support of his tenth cause of action for violation of California's Unfair Competition Law

16  ("UCL"), Business and Professions Code § 17200, Plaintiff alleges that because "the defendants" did

17  not to provide him with a deaf language interpreter, Plaintiff was unaware of the essential terms of

18  the Subject Loan and lacked meaningful opportunity to negotiate, resulting in unequal bargaining

19  power.  (FAC ¶ 117).  Plaintiff further alleges that the defendants (1) made untrue or misleading

20  representations regarding the terms and payment obligations of the Subject Loan, including the

21  monthly payments, negative amortization and other risks; (2) failed to consider Plaintiff's ability to

22  repay the Subject Loan; (3) aided and abetted the fiduciary duty owed by the mortgage brokers; (4)

23  made "unconscionable loans in violation of California Civil Code § 1670.5 [providing for a court's

24  right to refuse to enforce an unconscionable contract]; and (5) violated "statutory duties as

25  enumerated above."  (FAC ¶ 118).

### 1.  Plaintiff's Claim Is Pre-empted by HOLA

27      Where a plaintiff's claim for violation of the UCL "is based on misrepresentations related to

28  the loan terms or credit solicitation in disclosure or on the terms and conditions of a loan, then the

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    claim is pre-empted by HOLA".  (Murillo v. Lehman Brothers Bank FSB, 2009 WL 2160578, 4

2    (N.D.Cal. 2009)).  Here, because Plaintiff's allegations speak directly to disclosures and/or

3    representations regarding the terms and conditions of the Subject Loan, Plaintiff's claim is pre-

4    empted.

### 2.  Plaintiff Fails to Allege Facts Sufficient to State a Claim

6           Even if Plaintiff's claim was not pre-empted, Plaintiff still fails to allege facts sufficient to

7    state a claim.  The UCL "prohibits any 'unlawful, unfair or fraudulent business act or practice.'"

8    (See Cal. Bus. & Prof. Code § 17200; see also Berryman v. Merit Property Management, Inc. (2007)

9    152 Cal.App.4th 1544, 1554).  A claim under the UCL requires the violation of an independent

10   underlying law or statute, frequently called the "borrowed claim."  (Cal. Emergency Physicians

11   Med. Group v. Pacificare of Cal. (2003) 111 Cal.App.4th 1127, 1133).

12          Here, Plaintiff's claim is based on their allegations of fraud.  However, Plaintiff's cause of

13   action for fraud is not alleged as against CMI.  As set forth above, Plaintiff fails to allege any

14   conduct by CMI, let alone conduct that is unlawful, unfair or sufficient to satisfy the heightened

15   pleading standard for a fraud claim.  Plaintiff also fails to allege facts sufficient to hold CMI

16   vicariously liable for the conduct of any other entity or for any liability born out of a fiduciary duty

17   owed by the mortgage brokers.

### K.    PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR UNFAIR COMPETITION AGAINST A DISABLED PERSON

20          Notwithstanding his failure to allege a claim for violation of the UCL, in his eleventh claim,

21   Plaintiff seeks to impose additional penalties under the UCL for violations against a disabled person

22   under Business and Professions Code § 17206.1.  In determining whether to impose a civil penalty

23   under § 17206.1, the court shall consider, among other things (1) whether the defendant knew or

24   should have known that its conduct was directed to a disabled person; (2) whether the defendant's

25   conduct caused the disabled person to suffer loss or encumbrance of a primary residence; and (3)

26   whether the disabled person actually suffered substantial damage resulting from the defendant's

27   conduct.  (Bus. And Prof. Code § 17206.1).   Here, Plaintiff fails to allege any specific conduct by

28   CMI.  Even if Plaintiff had alleged conduct by CMI, Plaintiff fails to allege any facts demonstrating

15

1   that CMI knew or should have known that its conduct would have been directed to a disabled person.

2   Moreover, as set forth above, Plaintiff fails to allege that he suffered substantial damage

3   resulting from any of the defendants' conduct, let alone CMI's.  Plaintiff's claim for violation of the

4   UCL is based on purported representations by the mortgage broker that he would receive a fixed rate

5   loan.  However, Plaintiff defaulted on the Subject Loan well before the initial fixed rate period was

6   to expire in 2013.  (*See* RJN, Exhibits A and D).

7   **L.**     **PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR**
8   **DECLARATORY RELIEF**

9   In support of his cause of action for declaratory relief, Plaintiff conclusorily alleges that "an

10  actual controversy exists between plaintiff and the defendants concerning their respective rights and

11  duties in that the loans are invalid because the defendants failed to provide plaintiff with a deaf

12  language interpreter and otherwise misled plaintiff." (FAC ¶ 131).

13  A complaint for declaratory relief is sufficient "if it sets forth facts showing the existence of

14  an actual controversy relating to the legal rights and duties of the respective parties under a written

15  instrument ... and requests that the rights and duties of the parties be adjudged by the court."

16  (Ludgate Ins. Co. v. Lockheed Martin Corp. (2002) 82 Cal.App.4th 592, 605). "[The] actual, present

17  controversy must be pleaded *specifically* and the facts of the respective claims concerning the

18  [underlying] subject must be given." (Emphasis original). (City of Cotati v. Cashman (2002) 29

19  Cal.App.4th 69, 80).   The trial court has discretion to dismiss a claim without leave to amend where

20  the complaint reveals no controversy exists.  (Stribling v. Mailliard (1970) 6 Cal.App.3d 470, 475;

21  *see also* Pittenger v. Home Sav. & L. Ass'n. (1958) 166 Cal.App.2d 32, 36).

22  Here, Plaintiff fails to properly allege a claim for declaratory relief because he fails to allege

23  any instrument pursuant to which Plaintiff wishes to have his rights or duties declared with respect to

24  CMI.  Moreover, as set forth throughout the instant Motion to Dismiss, Plaintiff fails to allege facts

25  which demonstrate the existence of an actual present controversy, as Plaintiff fails to allege any

26  conduct by CMI, let alone conduct that would give rise to such a claim.

27  Moreover, the availability of another form of adequate relief justifies denial of declaratory

28  relief (C.J.L. Const. Inc. v. Universal Plumbing (1993) 18 Cal.App.4th 376, 390).  A declaratory

1   relief action will not lie to determine issues raised in other causes of action before the court as "the

2   object of the [declaratory relief] statute is to afford a new form of relief where needed and not to

3   furnish a litigant with a second cause of action for the determination of identical issues." California

4   Ins. Guar. Assn'n v. Sup. Ct. (Jakes) (1991) 231 Cal.App.3d 1617, 1623-24). Here, Plaintiff simply

5   wants an assertion that the Subject Loan is invalid and/or was obtained through fraud. As this is the

6   outcome sought in Plaintiff's other causes of action, Plaintiff's claim for declaratory relief must be

7   refused as the issues raised therein are already before the court.

8   **M.     MOTION FOR A MORE DEFINITE STATEMENT**

9           Alternatively, CMI brings this Motion for a More Definite Statement as it cannot ascertain

10  the nature of the claims being asserted in Plaintiff's FAC. Federal Rule of Civil Procedure, Rule 12

11  provides that "a party may move for a more definite statement of a pleading to which a responsive

12  pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a

13  response." (FRCP Rule 12(e)). Federal Rules of Civil Procedure permit a more definite statement to

14  be joined with the motion to dismiss as set forth hereinabove. (FRCP Rule 12(g)).

15          In addition to Plaintiff's failure to state facts sufficient to constitute their various claims as

16  discussed above, Plaintiff's allegations are wholly uncertain and ambiguous. For example, Plaintiff

17  names CMI as a defendant, yet fails to allege any misconduct on its part. Moreover, the FAC alleges

18  facts pertaining to two entirely different loans, each of which involves completely different entities.

19  However, Plaintiff alleges various instances of conduct as though they were carried out by all

20  defendants as a group without specifying which defendant is purportedly responsible or to which

21  loan such conduct is related.

22          Plaintiff's generalized claims as against the distinct and separate entity defendants prevents

23  them from responding to the various allegations made, as none of them can fully ascertain what

24  claims are being made against each defendant. Thus, CMI is deprived of the ability to assert any

25  appropriate defenses. Accordingly, CMI respectfully requests that this Court grants its Motion for a

26  More Definite Statement of the FAC and claims sought in alternative to the Motion to Dismiss.

27  ///

28  ///

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

17

1

## IV.   CONCLUSION

2     Based on all of the foregoing reasons, those to be set forth in the Reply (if any) and at oral

3   argument on this matter, CMI  respectfully requests that this Court grant their Motion to Dismiss, in

4   its entirety and without leave to amend.  In the alternative, CMI requests that this Court grant its

5   Motion for a More Definite Statement.

6   DATED: August 10, 2009                    WOLFE & WYMAN LLP

7

8                                            By:_____

9                                               STUART B. WOLFE
                                                NATILEE S. RIEDMAN
10                                              Attorneys for Defendant
                                             **CITIMORTGAGE, INC.**

11



12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MEMORANDUM OF P & A RE MOTION TO DISMISS**
H:\Matters\CitiMtg. Inc.- CMI (1133) (WC)\303 (Tinoco)\Pleadings\Complaint\Tinoco - Motion to Dismiss (TOC-TOA).doc